# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEWART SMITH,** | : | CIVIL ACTION NO. 1:19-CV-362 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT LAUREL HARRY,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 20th day of August, 2019, upon consideration of petitioner's motions (Docs. 9, 10) for appointment of counsel, see 18 U.S.C. § 3006A(a)(2) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C.] section 2254 . . . "), and it appearing that the claims of the petition for writ of habeas corpus, alleging that petitioner was wrongfully convicted in the Court of Common Pleas of Dauphin County, do not present complex legal or factual issues[1], and, it further appearing that petitioner is capable

---

[1] If the court determines that a claim has arguable merit in fact and law, Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), consideration is then undertaken of the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors, including: (1) the litigant's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the litigant to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and, (6) the litigant's ability to retain and afford counsel on his or her own behalf. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron, 6 F.3d at 155-57.

of properly and forcefully prosecuting his claims with adequate factual investigation and appropriate citations to governing authority, see Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991) (identifying merit and complexity of petitioner's claims, as well as the petitioner's ability to investigate facts and present claims, as factors in whether to appoint counsel); Blasi v. Attorney Gen., 30 F. Supp. 2d 481, 489 (M.D. Pa. 1998) (citing Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)), aff'd, 275 F.3d 33 (3d Cir. 2001), and the court finding that the interests of justice do not require the appointment of counsel for petitioner at this stage of the proceedings, see 18 U.S.C. § 3006A(a)(2), it is hereby ORDERED that the motions (Docs. 9, 10) are DENIED. If the court determines that an evidentiary hearing should be held or if further proceedings otherwise demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of petitioner.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania