## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEWART SMITH,** | : | **CIVIL ACTION NO. 1:19-CV-362** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT LAUREL** | : | |
| **HARRY, PA STATE ATTORNEY** | : | |
| **GENERAL,** | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM

Petitioner Stewart Smith ("Smith") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). For the reasons discussed below, the court will deny the petition.

## I.    Factual Background & Procedural History[1]

On May 6, 2013, Smith was charged with rape, sexual assault, two counts of indecent assault, and simple assault of his then-girlfriend. Commonwealth v. Smith, No. CP-22-CR-0003032-2013 (Pa. Ct. Com. Pl. Dauphin Cty.); see also Commonwealth v. Smith, 2021 WL 3523154, *1 (3d Cir. 2021). A jury trial commenced on April 24, 2014. (Doc. 42-5, Transcript of Jury Trial). On April 25,

---

[1] A federal habeas court may take judicial notice of state court records. Minney v. Winstead, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Dauphin County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

2014, the jury found Smith guilty of sexual assault, simple assault, and one count of indecent assault, and not guilty of rape and the remaining count of indecent assault. (Id.)  On July 29, 2014, the trial court sentenced Smith to 7 to 14 years' incarceration for sexual assault, and concurrent terms of two years' probation on the other counts.  (Doc. 42-9, Transcript of Sentencing Proceeding).

Smith filed a timely direct appeal to the Pennsylvania Superior Court. Commonwealth v. Smith, 1336 MDA 2014 (Pa. Super.).  On November 20, 2014, Smith discontinued the appeal.  Id.

On December 15, 2014, Smith filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541, *et seq.*, collaterally attacking his conviction.  Smith, No. CP-22-CR-0003032-2013.  Counsel was appointed to represent Smith and filed an amended petition on March 30, 2015.  See id.  Counsel was subsequently permitted to withdraw.  See id.  Smith filed a *pro se* amended petition on November 23, 2015, and a *pro se* supplemental brief on December 21, 2015.  See id.  On April 18, 2016, the PCRA court granted relief on one claim—that the 14-year maximum sentence imposed for the conviction of sexual assault exceeded the statutory maximum—and filed a notice of dismissal for the remaining claims.  See Smith, 2021 WL 3523154, at *1.  On May 10, 2016, the trial court resentenced Smith to a term of imprisonment of 4½ to 10 years for his conviction of sexual assault and ordered that the other sentences remain the same. (Doc. 42-13, Transcript of Resentencing Proceeding).  On May 12, 2016, the PCRA court entered a final order denying relief on the remaining claims.  See Smith, 2021

WL 3523154, at *1.  Smith filed a notice of appeal from his May 10, 2016 judgment of sentence and from the May 12, 2016 order denying PCRA relief.  Commonwealth v. Smith, 977 MDA 2016, 2017 WL 3574009 (Pa. Super. 2017); Commonwealth v. Smith, 1127 MDA 2016, 2017 WL 3912829 (Pa. Super. 2017).  On August 18, 2017, the Superior Court affirmed the judgment of sentence.  Smith, 977 MDA 2016, 2017 WL 3574009.  On September 7, 2017, the Superior Court affirmed the May 12, 2016 PCRA order denying relief.  Smith, 1127 MDA 2016, 2017 WL 3912829.  Smith then filed a petition for allowance of appeal with the Pennsylvania Supreme Court from the PCRA appeal.  Commonwealth v. Smith, 813 MAL 2017 (Pa.).  On April 30, 2018, the Pennsylvania Supreme Court denied the petition for allowance of appeal.  Id.

On August 17, 2018, Smith filed a counseled, second PCRA petition.  Smith, No. CP-22-CR-0003032-2013.  On August 5, 2019, the PCRA court dismissed the second PCRA petition.  Id.  Smith did not file an appeal.

On September 5, 2019, Smith filed his third PCRA petition, *pro se*.  Smith, No. CP-22-CR-0003032-2013.  He subsequently filed a *pro se* supplemental petition. Id.  On December 31, 2020, the PCRA court dismissed the third PCRA petition as untimely filed.  Id.  Smith filed a notice of appeal with the Pennsylvania Superior Court.  Commonwealth v. Smith, 80 MDA 2021 (Pa. Super.).  On August 11, 2021, the Superior Court affirmed the PCRA court's dismissal of the third petition.  Id.; Smith, 2021 WL 3523154.  Smith filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on January 25, 2022. Commonwealth v. Smith, 505 MAL 2021 (Pa.).

On March 1, 2019, Smith filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The habeas petition was stayed from April 29, 2019 to March 10, 2022. Smith filed the instant amended petition on December 1, 2022. (Docs. 42, 42-1). The petition is ripe for disposition.

## II.   **Habeas Claims Presented for Federal Review**

Smith seeks habeas relief based on the following grounds:

- Ground One: Trial counsel was ineffective for withholding video evidence, the Commonwealth lacked probable cause to search Smith's prison phone calls, and the Commonwealth tainted and coached witnesses.

- Ground Two: Trial counsel was ineffective for failing to object to prior bad acts evidence that was introduced at trial.

- Ground Three: Trial counsel was ineffective for failing to adequately prepare witnesses for trial.

- Ground Four: Trial counsel was ineffective for failing to adequately prepare him for trial.

- Ground Five: Trial counsel was ineffective for opening the door to prior bad acts evidence, and the state court decisions regarding this evidence violated his constitutional rights.

- Ground Six: Trial counsel was ineffective for allowing the Commonwealth to introduce evidence of prior bad acts and failing to object or seek a mistrial.

- Ground Seven: The trial court and PCRA court exhibited bias.

- Ground Eight: Ineffective assistance of counsel at his resentencing hearing.

- Ground Nine: Ineffective assistance of direct appeal counsel.

- Ground Ten: Denial of due process and equal protection on PCRA appeal.

- Ground Eleven: Trial counsel was ineffective for failing to introduce impeachment evidence.

- Ground Twelve: The Commonwealth tainted and coached witnesses.

- Ground Thirteen: PCRA counsel was ineffective in failing to file a timely second PCRA petition.

(Doc. 42-1). As set forth below, the state courts reasonably rejected three of the claims (grounds 5, 6, and 11)[2], the claim alleging PCRA infectiveness (ground 13) is not cognizable, and the remainder of the claims (grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 12) are procedurally defaulted.

## III.   Legal Standards

### A.   Exhaustion and Procedural Default

Before the federal court can consider the merits of a habeas claim, a petitioner must comply with the exhaustion requirement of section 2254(b), which requires a petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Exhaustion requires the petitioner to present to the state courts the same factual and legal theory supporting the claim. Landano v. Rafferty, 897 F.2d 661, 669 (3d Cir. 1990). It also requires the petitioner to preserve each claim at the state

---

[2] Grounds five and six contain claims that are both procedurally defaulted and reviewed on the merits.

appellate level.  See Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004) (exhaustion satisfied only if claim fairly presented at each level of the state court system) (citing O'Sullivan, 526 U.S. at 844-45).  The habeas petitioner has the burden of proving exhaustion.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile.  Lambert, 134 F.3d at 518-19.  Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).  In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice.  Werts, 228 F.3d at 192.  To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Id. at 192-93 (quoting and citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)).  Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel.  Martinez v. Ryan, 566 U.S. 1, 14 (2012).  To establish

prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Bey v. Sup't Greene SCI, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." McCleskey v. Zant, 499 U.S. 467, 495 (1991) (citing Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. Schlup, 513 U.S. at 324.

## B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent."  Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error.  Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005).  This presumption of correctness applies to both explicit and implicit findings of fact.  Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings."  Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the

evidence in the record.  28 U.S.C. § 2254(d)(2); <u>Porter v. Horn</u>, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); <u>see</u> <u>also</u> <u>Torres v. Prunty</u>, 223 F.3d 1103, 1107-08 (9th Cir. 2000); <u>cf.</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 316 (1979).  "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction."  <u>Breighner v. Chesney</u>, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]).  Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief.  <u>Porter</u>, 276 F. Supp. 2d at 296; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 408-09 (2000); <u>Hurtado v. Tucker</u>, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination.  <u>Porter</u>, 276 F. Supp. 2d at 296; <u>see</u> <u>also</u> <u>Williams</u>, 529 U.S. at 408-09.

## C.    Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel.  <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).  This right to effective assistance of counsel also extends to the first appeal.  <u>Lewis v. Johnson</u>, 359 F.3d 646, 656 (3d Cir. 2004).  In <u>Strickland</u>, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance

---

[3] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination."  28 U.S.C. § 2254(f).

of counsel.  Strickland, 466 U.S. at 687-88.  A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice.  See id.

In evaluating the first prong of the Strickland test, the court must be "highly deferential" toward counsel's conduct.  Id. at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  Id. ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.").  "Strickland and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better."  Rolan v. Vaughn, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing Strickland, 446 U.S. at 689).  Notably, courts will not deem counsel ineffective for failing to raise a meritless argument.  Strickland, 466 U.S. at 691; United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  See Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.  Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion,

it was also reasonably likely that the result of the trial would have been different.

See Thomas, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the Strickland test.  Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002).  The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one.  Strickland, 466 U.S. at 697.

## IV.   Discussion

It is first necessary to determine whether Smith's claims presented in his habeas petition are cognizable in a federal habeas proceeding and whether they have been exhausted in the state courts and, if not, whether the circumstances of his case are sufficient to excuse his procedural default.

### A.   Non-Cognizable Claim—Ground 13

Smith asserts that PCRA counsel was ineffective in failing to file a timely, second PCRA petition.  (Doc. 42-1 at 39-40).  Smith is not entitled to habeas relief on this claim to the extent he asserts it as a standalone claim.  Smith did not have a federal constitutional right to counsel during his PCRA proceeding, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); therefore, he cannot receive habeas relief on a standalone claim that his PCRA counsel was ineffective.  This concept is codified by statute at 28 U.S.C. § 2254(i), which expressly provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section

2254." See also Coleman, 501 U.S. at 752-53 ("There is no constitutional right to an attorney in state post-conviction proceedings. . . . Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."). Thus, Smith's standalone ineffectiveness of PCRA counsel claim is not cognizable as a basis for habeas relief.

**B.   Defaulted Claims—Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 12**

Several of Smith's claims are procedurally defaulted, although the bases for the defaults fall into different procedural categories. We will identify the claims that fit into each category and then set forth the standards applicable to the defaulted claims.

### 1.   Presented for first time on PCRA appeal (grounds 1, 7) and presented in untimely PCRA petition (grounds 1, 12)

Part of ground one[4] (alleging that trial counsel was ineffective for withholding video evidence) and ground seven are defaulted because Smith presented these claims for the first time in his PCRA appeal, and the Superior Court found the claims waived.[5] See Smith, 2021 WL 3523154, at *5 n.13, *6.

---

[4] We construe Smith's ground one as raising three claims: trial counsel was ineffective for withholding video evidence, the Commonwealth lacked probable cause to search Smith's prison phone calls, and the Commonwealth tainted and coached witnesses. All claims in ground one are procedurally defaulted, albeit for different reasons.

[5] "In considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." Simmons v. Beard, 590 F.3d 223, 231-32 (3d Cir. 2009) (citing Bond v. Beard, 539 F.3d 256, 289-90 (3d Cir. 2008)). Thus, "[w]e review the appellate court decision, not the trial court decision, as long as the appellate court 'issued a judgment, with explanation, binding on the parties before it.'" Burnside v. Wenerowicz, 525 F. App'x 135, 138 (3d Cir. 2013). The

Likewise, part of ground one and ground twelve (both alleging that the Commonwealth tainted and coached witnesses) are defaulted because Smith raised them in an untimely PCRA petition, and the Superior Court found the claims waived.  See id. at *3-5.  When the state court does not address the merits of a claim because the petitioner failed to follow the state's procedural rules in presenting the claims, the claim will be considered procedurally defaulted if the rule upon which the state court relied is independent of the constitutional issue and adequate to support the decision.  Maples v. Thomas, 566 U.S. 266, 280 (2012); Harris v. Reed, 489 U.S. 255, 260 (1989).  "[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed,'" Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and the rule "speaks in unmistakable terms."  Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996) (abrogated on other grounds by Beard v. Kindler, 558 U.S. 53 (2009)).  Thus, the procedural disposition must comport with similar decisions in other cases such that there is a firmly established rule that is applied in a consistent and regular manner "in the vast majority of cases."  Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (quoting Dugger v. Adams, 489 U.S. 401, 410 n.6 (1989)).

Here, the default is based on the Superior Court's finding of waiver, specifically Smith's failure to present the claims in his PCRA petition (grounds one and seven) and raising the claims for the first time in his untimely PCRA petition (grounds one and twelve).  See Smith, 2021 WL 3523154.  Pennsylvania Rule of

---

Pennsylvania Superior Court opinions will be the primary reference points in addressing Smith's claims.

Appellate Procedure states, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."  PA. R. APP. P. 302(a).  And, the PCRA statute of limitations provides that a post-conviction petition must be filed "within one year of the date the judgment becomes final."  42 PA. CONS. STAT. § 9545(b)(1). Both appellate rule 302(a) and the PCRA statute of limitations are independent and adequate bases to support a procedural default.  See Thomas v. Sec'y Pa. Dep't of Corr., 495 F. App'x 200, 206 (3d Cir. 2012) (finding that the waiver ruling by the Pennsylvania Superior Court was independent and adequate, supporting default)[6]; Crocker v. Klem, 450 F. App'x 136, 138 (3d Cir. 2011) (finding petitioner's claim defaulted under Rule 302(a); Peterson v. Brennan, 196 F. App'x 135, 142 (3d Cir. 2006) (finding that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief).  As a result of the state court's findings that these claims were waived, which were based upon independent and adequate state grounds, the claims are procedurally defaulted.  See Werts, 228 F.3d at 194.  Smith fails to allege, as is his burden, the existence of either cause or prejudice for the procedural default and none appears on the record.  Neither does it appear that a miscarriage of justice would occur.  Accordingly, habeas review of these claims is foreclosed.

---

[6] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

2.     __Not appealed to the Pennsylvania Superior Court (grounds 2, 5, and 6)__

In ground two, and portions of grounds five and six, Smith claims that trial counsel was ineffective for failing to object to prior bad acts evidence at trial.  (Doc. 42-1 at 11, 13-16, 21-22).  On appeal from the denial of Smith's first PCRA petition, the Pennsylvania Superior Court found that these claims were waived and reasoned as follows:

> Smith claims that his trial counsel was ineffective for failing to prevent and/or object to references to his present state prison incarceration and prior criminal acts.  In reviewing ineffective assistance of counsel claims, we presume that counsel provided effective representation, and thus the petitioner bears the burden of proving ineffectiveness.  See Commonwealth v. Ligons, 971 A.2d 1125, 1137 (Pa. 2009).  To prevail on a claim that counsel was ineffective, an appellant must demonstrate the following:
>
> > (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> Commonwealth v. Johnson, 868 A.2d 1278, 1281 (Pa. Super. 2005).
>
> However, in order to preserve his claim for appellate review, Smith must have complied with the trial court's order that he file a Rule 1925(b) statement; any issues not raised in such statement will be deemed waived.  See Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998).  When a trial court orders a Rule 1925(b) statement, the statement must specify the errors to be addressed on appeal.  Commonwealth v. Dowling, 778 A.2d 683 (Pa. Super. 2001).  Further, when a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.  See Dowling, at 686-87 ("[A] [c]oncise [s]tatement which is too *vague* to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.") (emphasis added).

15

> Instantly, Smith's Rule 1925(b) statement does not specifically identify the issue of whether his trial counsel was ineffective for failing to prevent and/or object to references concerning the Appellant's prior criminal acts and present state prison incarceration. Rather, Smith vaguely alleges that the "PCRA Court erred when it . . . concluded trial counsel was [not] ineffective of [all] claims based upon the facts of this case." Rule 1925(b) Statement, 6/27/16, at 1-2. Although this Court must construe a *pro se* PCRA petition with liberality, <u>Commonwealth v. Garrison</u>, 450 A.2d 65, 66 (Pa. Super. 1982), Smith's boilerplate assertion that the PCRA Court erred in concluding trial counsel provided effective assistance with regard to all claims has not preserved any specific ineffectiveness claims for review. <u>See</u> Pa.R.A.P. 125(b)(4)(vii) ("Issues not included in the Statement . . . are waived."). <u>Dowling</u>, <u>supra</u>.

<u>Smith</u>, 2017 WL 3912829, at *2 (footnote omitted).

In ground five, Smith also alleges the Commonwealth's references to his incarceration and other criminal offenses at trial violated his constitutional rights. (Doc. 42-1 at 17). On appeal from the May 16, 2016 judgment of sentence, Smith raised the issue of whether his due process rights were violated by these references. <u>Smith</u>, 2017 WL 3574009. In considering this claim, the Superior Court found that Smith's Rule 1925(b) statement was not specific enough for the trial court to identify and address his claim, thus, the issue was waived. <u>Id.</u> at *2.

In Pennsylvania, "[w]here a defendant is ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and fails to raise a particular matter within that statement, the defendant is deemed to have waived that point of error on appeal." <u>Burnam v. Capozza</u>, No. 20-CV-1800, 2020 WL 7130600, at *15 (W.D. Pa. Dec. 4, 2020) (citations omitted). The Third Circuit, and federal district courts in this district, have held that waiver of an issue for failure to comply with Pennsylvania Rule 1925(b) is an independent and adequate state

ground that bars habeas review under Coleman.  See Buck v. Colleran, 115 F. App'x 526, 528 (3d Cir. 2004); Brown v. Bickell, 2015 WL 1874220, at *24-25 (E.D. Pa. 2015) (citing cases).

Smith failed to include the issues set forth in ground two, and portions of grounds five and six, in his Rule 1925(b) statements.  These claims are therefore waived.  As stated above, the failure to properly present claims to the state court generally results in a procedural default, unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.  Coleman, 501 U.S. at 750; Werts, 228 F.3d at 192.  Smith seems to argue that his procedural default should be excused because his attorney "failed to request to amend *pro se* 1925(b) statement of errors" and the Superior Court "could have remanded the case for a counseled 1925(b) statement."  (Doc. 42-1 at 20).  Because Smith filed *pro se* Rule 1925(b) statements, the reason for the default is entirely attributable to his own failures to comply with state procedural requirements.  To the extent that Smith is invoking Martinez[7] to excuse the default, this argument fails because Martinez does not apply to counsels' errors in appeals from initial-review collateral proceedings.  Here, Smith appears to argue ineffective assistance of counsel as a result of

---

[7] Martinez holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  Martinez 566 U.S. at 9.  To successfully invoke the Martinez exception, a petitioner must satisfy two factors: that the underlying, otherwise defaulted, claim of ineffective assistance of trial counsel is "substantial," meaning that it has "some merit," id. at 14; and that petitioner had "no counsel" or "ineffective" counsel during the initial phase of the state collateral review proceeding.  Id. at 17; see also Glenn v. Wynder, 743 F.3d 402, 410 (3d Cir. 2014).

counsel's failure to move to amend the *pro se* Rule 1925(b) statements during his PCRA appeal.  Because this alleged error occurred outside the "initial-review collateral proceedings," the narrow <u>Martinez</u> exception does not apply.  <u>Martinez</u>, 566 U.S. at 8-12.  Smith has failed to present a sufficient argument to excuse his default of these claims.  Accordingly, we find that Smith's procedural default should not be excused, and the enumerated claims are barred from federal review.

### 3.      <u>Never presented to state court (grounds 1, 3, 4, 8, 9, 10)</u>

Several of Smith's claims have not been pursued in the state courts.  Ground one (alleging that the Commonwealth lacked probable cause to search Smith's prison phone calls), and grounds three, four, eight, nine, and ten in Smith's habeas petition have not been presented to any state court.  The time for filing both a direct appeal and a PCRA petition has expired, and the state procedural rules prohibit Smith from bringing these claims in state court.  <u>See</u> PA. R. APP. P. 903(a) (time for filing a direct appeal); 42 PA. CONS. STAT. § 9545(b)(1) (PCRA statute of limitations); 42 PA. CONS. STAT. § 9544(b) (PCRA waiver rule).  Because there are no longer any state remedies available to Smith, the claims are procedurally defaulted, and review of the claims is barred.  <u>Coleman</u>, 501 U.S. at 731-32; <u>Toulson v. Beyer</u>, 987 F.2d 984, 987 (3d Cir. 1993).  Once again, Smith cannot excuse the default as he has not alleged cause and prejudice or a fundamental miscarriage of justice.

### C.    Exhausted Claims—Grounds 5, 6, and 11

#### 1.    <u>Grounds 5 and 6</u>

As stated *supra*, the Pennsylvania Superior Court found that Smith's claims that trial counsel was ineffective for failing to object to prior bad acts evidence and his present incarceration were waived.  However, in his state court proceedings, Smith raised a related issue on appeal from the denial of his first PCRA petition. <u>Smith</u>, 2017 WL 3912829, at *1.  He claimed that the PCRA court erred in not ordering an evidentiary hearing concerning trial counsel's strategy of allowing the Commonwealth to introduce evidence of Smith's prior crimes and present state incarceration without objecting or seeking mistrial.  <u>Id.</u>  To the extent this claim is encompassed in grounds five and six, and is not procedurally default, we proceed to a merits review.

In considering this issue, the Superior Court found as follows:

The court may order an evidentiary hearing when a petition for post-conviction relief raises material issues of fact.  <u>See</u> PA. R. CRIM. P. 908(A)(2).  However, an evidentiary hearing regarding ineffective assistance of counsel is unnecessary "if it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not prejudiced by the alleged error by counsel[.]" <u>See</u> <u>Commonwealth v. Petras</u>, 534 A.2d 483, 486 (Pa. Super. 1988) (citing <u>Commonwealth v. Clemmons</u>, 479 A.2d 955, 957 (Pa. 1984)).

In ruling on Smith's direct appeal, this Court determined that trial counsel's strategy of allowing the Commonwealth to introduce evidence of Smith's prior crimes and present incarceration without objecting or seeking mistrial was meritless.  <u>Commonwealth v. Smith</u>, []977 MDA 2016 (Pa. Super. August 17, 2017).

Smith, 2017 WL 3912829, at *3.  In this decision, the Superior Court referenced its

prior decision wherein they examined trial counsel's strategy as follows:

> During closing argument, the Commonwealth made passing references
> to Smith's parole and his incarceration in a state prison facility due to
> a state parole detainer.  N.T. Trial, 4/25/14, at 360, 367.  Immediately
> upon conclusion of the Commonwealth's closing argument, Smith's
> trial counsel requested a mistrial.  Id. at 373.  Thus, Smith has
> preserved this claim for our review.  However, as Smith did not
> request a mistrial following the Commonwealth's other references to
> prior criminal behavior at trial, we are constrained to limit our review
> to the passing references made by the Commonwealth during its
> closing argument.  Bell, supra.  Specifically, Smith challenges the
> following references from the Commonwealth's closing argument:
>
>> [Lewis] paid all of the bills.  She had the family, the children,
>> the grandchildren.  She had it all.
>>
>> [Smith] had nothing.  He had no way to support himself.  And
>> unfortunately, it came out in the defense's testimony that,
>> literally, he had nothing else [because] [Smith] was on parole.
>>
>> * * *
>>
>> [Smith] knew his story really, really, really well for a whole
>> year later, after drinking a bottle of liquor.  He remembered
>> thing[s] that I[, the prosecutor,] [cannot] remember from two
>> nights ago.
>>
>> He had time, right, to think about his traumatic thing that he
>> was accused of in *state prison* [sic].
>
> N.T. Trial, 4/25/14, at 360, 367 (emphasis added).

Here, the Commonwealth's reference to Smith's parole was merely a
reiteration of Smith's own testimony that his dependence on Lewis as
a provider was, in part, a function of his status as a parolee.  N.T. Trial,
4/25/14, at 251-253, 261.  Additionally, at trial, Smith's trial counsel
conceded that she believed the Commonwealth's reference to Smith's
time in state prison was unintentional.  Id. at 374 ("Attorney Walden:
I'm not saying it was intentional, but it came out."); Kerrigan, supra.

> Following our review of the record, we can discern no prejudice that resulted from the Commonwealth's passing references to Smith's parole and/or incarceration. <u>Valerio</u>, <u>supra</u>. Accordingly, we find the trial court's denial of Smith's request for a mistrial did not constitute an abuse of discretion. <u>Messersmith</u>, <u>supra</u>.

<u>Smith</u>, 2017 WL 3574009, at *3.

The Superior Court accurately summarized that a PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. A PCRA petition may be dismissed without a hearing if the PCRA court "is satisfied from [its review of the petition] that there are no genuine issues concerning any material fact and that the [petitioner] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." PA. R. CRIM. P. 907(1). However, when the PCRA petition raises material issues of fact, the PCRA court "shall order a hearing." PA. R. CRIM. P. 908(A)(2). Thus, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." <u>Commonwealth v. Paddy</u>, 15 A.3d 431, 442 (Pa. 2011) (internal quotations and citations omitted).

In determining whether an evidentiary hearing was warranted concerning trial counsel's strategy of allowing the Commonwealth to introduce evidence of Smith's prior crimes and present incarceration, the Superior Court examined the Commonwealth's comment and noted that it merely reiterated Smith's own testimony. The Superior Court found that the unintentional, passing reference to

Smith's incarceration and prior criminal activity did not result in prejudice.

Therefore, the Superior Court found that the PCRA court did not abuse its

discretion in denying an evidentiary hearing.  Review of the Superior Court's

determination that the underlying claim lacked arguable merit, and hence, an

evidentiary hearing regarding ineffective assistance of counsel was not necessary,

was an objectively reasonable determination of the facts in light of the evidence

presented to the state courts.  Smith is not entitled to relief on this claim.

### 2.   <u>Ground 11</u>

In ground eleven, Smith claims that trial counsel was ineffective for failing to

introduce evidence that would impeach the complainant.  (Doc. 42-1 at 30-33).  On

appeal from the denial of the first PCRA petition, Smith argued that the PCRA

court erred by not ordering an evidentiary hearing concerning trial counsel's

strategy of not obtaining records to impeach the complaining witness and

corroborate Smith's defense.  The Superior Court disagreed and found as follows:

> Smith's claim that his trial counsel failed to procure "records" which
> would impeach the complainant and/or corroborate his defense is
> meritless, as his trial counsel had an objectively reasonable basis for
> not procuring such evidence.  Generally, where matters of strategy and
> tactics are concerned, counsel's assistance is deemed constitutionally
> effective if counsel chose a particular course that had some reasonable
> basis designed to affect his client's interest.  <u>Commonwealth v. Puksar</u>,
> 951 A.2d 267 (Pa. 2008).  Here, Smith's trial counsel diligently cross-
> examined the victim, Angela Lewis, on whether or not she and Smith
> had previously engaged in "rougher sex."  N.T. Trial, 4/24/16, at 135.
> Moreover, trial counsel reiterated Smith's defense for biting Lewis'
> neck during intercourse, that being, he attempted to emulate
> suggestive vampire-like behavior.  N.T. Trial, 4/25/16, at 508.  In light of
> the foregoing, we cannot discern an abuse of discretion where the trial
> court found Smith's trial counsel pursued a reasonable defense
> strategy.  Thus, Smith was not entitled to an evidentiary hearing on

> this issue.  <u>Puksar</u>, <u>supra</u>; <u>Petras</u>, <u>supra</u>.  <u>Cf.</u> <u>Commonwealth v. Staton</u>,
> 120 A.3d 277, 289-90 (Pa. 2015) (petitioner failed to establish that trial
> counsel performed deficiently for failing to cross-examine
> Commonwealth witness with prior inconsistent statement; trial
> counsel did not ignore paradoxes in witness's testimony, but indirectly
> impeached witness by eliciting such evidence from different witness
> and accentuated disparity in testimony in closing argument).

<u>Smith</u>, 2017 WL 3912829, at *3 (footnote omitted).

The Superior Court addressed this claim in succinct fashion but cogent

fashion.  Smith's claim that trial counsel was ineffective for failing to obtain

impeachment records was meritless and trial counsel pursued a reasonable defense

strategy, thus, Smith was not entitled to an evidentiary hearing on this issue.  This

determination is a reasonable application of <u>Strickland</u>.  Under the first prong of

the <u>Strickland</u> analysis, there is a strong presumption that counsel's conduct falls

within the "wide range of reasonable professional assistance."  <u>Strickland</u>, 466 U.S.

at 689.  And "the defendant must overcome the presumption that, under the

circumstances, the challenged action 'might be considered sound trial strategy.'"

<u>Id.</u> (quoting <u>Michel v. State of La.</u>, 350 U.S. 91, 101 (1955)).  The court is required to

not only give the attorney "the benefit of the doubt, . . . but to affirmatively entertain

the range of possible 'reasons . . . counsel may have had for proceeding as they

did.'"  <u>Cullen v. Pinholster</u>, 563 U.S. 170, 196 (2011) (citations omitted).  The state

courts reasonably concluded that trial counsel had a reasonable basis for not

procuring impeachment evidence.  Smith therefore fails on the first prong of the

<u>Strickland</u> analysis.

The state courts found that Smith's trial counsel pursued a reasonable defense strategy, and hence concluded that an evidentiary hearing regarding ineffective assistance of counsel was not necessary. The state courts' adjudication of this claim was a reasonable determination of the facts in light of the evidence presented in the state court proceedings. Habeas relief is not warranted on this claim.

## V.    **Request for an Evidentiary Hearing**

Smith also requests that the court hold an evidentiary hearing.[8]  AEDPA permits evidentiary hearings on habeas review in a limited number of circumstances.  See Campbell, 209 F.3d at 286.  28 U.S.C. § 2254(e) provides:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> > (A) the claim relies on--

---

[8]  Smith requests an evidentiary hearing regarding trial counsel's reasons for failing to object or seek a mistrial concerning Smith's prior criminal acts and present state prison incarceration, for conceding that the Commonwealth unintentionally referenced Smith's time in state prison, trial counsel's failure to adequately prepare witnesses, and reasons for withholding video evidence.  (Doc. 42-1 at 16-17, 21-22, 32).  He also seeks an evidentiary hearing regarding the prosecution's reasons for presenting a tampered witness and false evidence, and for declining to investigate Smith's prison phone wiretaps.  (Id. at 33, 39-40).

>   (i) a new rule of constitutional law, made retroactive to
>   cases on collateral review by the Supreme Court, that
>   was previously unavailable; or
>
>   (ii) a factual predicate that could not have been
>   previously discovered through the exercise of due
>   diligence; and
>
>   (B) the facts underlying the claim would be sufficient to
>   establish by clear and convincing evidence that but for
>   constitutional error, no reasonable factfinder would have
>   found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(1), (2).  The initial inquiry when determining whether to grant an

evidentiary hearing is whether the petitioner has "failed to develop the factual

basis" of the claim in state court.  See 28 U.S.C. 2254(e)(2); Williams, 529 U.S. at 433.

"Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a

claim is not established unless there is a lack of diligence, or some greater fault,

attributable to the prisoner or the prisoner's counsel."  Williams, 529 U.S. at 433.

"Diligence will require in the usual case that the prisoner, at a minimum, seek an

evidentiary hearing in state court in the manner prescribed by state law."  Id. at

437.  When determining if a petitioner has been diligent, "[t]he question is not

whether the facts could have been discovered but instead whether the prisoner was

diligent in his efforts."  Id. at 435.  In short, if the factual basis of the claim was not

developed but the petitioner was diligent in pursuing the claim in state court, the

opening phrase of § 2254(e)(2) does not bar an evidentiary hearing.  See Lark v.

Sec'y Pennsylvania Dep't of Corr., 645 F.3d 596, 614 (3d Cir. 2011).

However, "a petitioner who diligently but unsuccessfully seeks an evidentiary

hearing in state court still is not entitled to an evidentiary hearing in federal court

under AEDPA.  Rather, [. . .] whether to hold a hearing for a petitioner who is not at fault under § 2254(e)(2) remains in the discretion of the district court, and depends on whether the hearing would 'have the potential to advance the petitioner's claim.'"  Taylor v. Horn, 504 F.3d 416, 444 (3d Cir. 2007) (citing Campbell, 209 F.3d at 287); see Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (explaining that the "basic" pre-AEDPA rule leaving the decision on whether to grant an evidentiary hearing to the "sound discretion of district courts" has not changed under AEDPA). "Where a petitioner fails to forecast to the district court evidence outside the record that would help his cause or 'otherwise to explain how his claim would be advanced by an evidentiary hearing,' a court is within its discretion to deny the claim."  Buda v. Stickman, 149 F. App'x 86, 90 (3d Cir. 2005).

Here, the state courts explicitly declined to hold an evidentiary hearing on Smith's ineffective assistance of counsel claims and claims regarding the Commonwealth's trial strategy.  See Smith, 2021 WL 3523154; Smith, 2017 WL 3912829.  On appeal from the denial of Smith's first PCRA petition, the Superior Court concluded that the trial court did not abuse its discretion in finding that Smith's trial counsel pursued a reasonable defense strategy, thus, he was not entitled to an evidentiary hearing.  Smith, 2017 WL 3912829.  In addressing Smith's third PCRA petition, the Superior Court found that the PCRA court did not err in denying Smith's request for an evidentiary hearing because "there were 'no genuine issues of material fact in controversy.'"  Smith, 2021 WL 3523154, at *6 (citing Commonwealth v. Grayson, 212 A.3d 1047, 1054 (Pa. Super. 2019)).  Given

these findings, Smith has not established that there was a failure to develop the factual basis of the claims at the state court level, which eliminates the need for an evidentiary hearing here.  See Wilson v. Beard, 426 F.3d 653, 665 (3d Cir. 2005) ("If a petitioner requests a hearing to develop the record on a claim in state court, and if the state courts . . . deny that request on the basis of an inadequate state ground, the petitioner has not failed to develop the factual basis of [the] claim in State court proceedings for purposes of § 2254(e)(2).") (internal quotation marks omitted).  We will deny Smith's request for a hearing.

## VI.   **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327.  As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

27

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Smith failed to demonstrate that a certificate of appealability should issue.

**VII.**   **<u>Conclusion</u>**

We will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  An appropriate order shall issue.


<u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        March 1, 2023